IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CYNTHIA HEATHERLY,

                Plaintiff,

      v.

PORTILLO'S HOT DOGS, INC.,

                Defendant.

Case No. 11 C 8480

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Portillo's Hot Dogs, Inc.'s (hereinafter, "Portillo's" or "Defendant") Motion for Summary Judgment and Motion to Strike. For the reasons stated herein, the Court denies Defendant's Motion to Strike and grants the Motion for Summary Judgment.

## I.  BACKGROUND

Portillo's operates thirty-two (32) fast-food restaurants in the Chicagoland area. It employed Plaintiff Cynthia Heatherly (hereinafter, "Heathery" or "Plaintiff") from January 2009 to June 2010 as a Guest Services employee. Heatherly's duties included greeting customers, handing food to customers, reading food orders, placing the correct items in bags, cooking french fries, and making drinks. In November 2009, she was transferred to a drive-through Guest Services position. This position required her to make drink orders, pair drink orders with food

orders, double-check bagged orders to ensure accuracy, and deliver bags through the drive-through window or to an outside runner. The new position also required Heatherly to work outside periodically as an "outside runner." Pl.'s Resp. to Def.'s Statement of Undisputed Facts at 3. Outside runners are responsible for taking food orders outside near the drive-through window and walking outside to deliver food orders to the cars waiting in the drive-through line. *Id.*

In September 2009, Heatherly discovered she was pregnant. In January 2010, she presented a doctor's note to her Assistant Manager which stated that she was only to perform light duties and was "not to work more than 8 hour shifts." Pl.'s 56.1 Statements of Material Fact; Ex. E., ECF No. 37-5, Page ID# 885. On February 16, 2010, Heatherly's doctor advised her to take leave from work because of complications related to her pregnancy. Pursuant to these instructions, Heatherly notified Portillo's and went on FMLA leave from the said date until her child was born.

On May 11, 2010 (the day after her child was born), Heatherly called Portillo's and spoke with Deanna Wilson ("Wilson"), the assistant to Portillo's Benefits Manager. During the call, Wilson told Heatherly that her 12 weeks of FMLA time had expired, but that she could have three additional weeks of personal leave pursuant to Portillo's policy. Allegedly, Wilson

informed Heatherly that her personal time would expire on June 3, 2010 and she needed to return to work on that date.

Two days after the telephone call, Portillo's sent Heatherly a letter summarizing the conversation and reiterating that Heatherly had to return to work by June 3, 2010. However, June 3 came and went without Heatherly reporting to work or otherwise contacting Portillo's.

As a result, on June 8, 2010, Portillo's sent Heatherly a letter terminating her employment. The letter stated that Heatherly could be rehired after her doctor cleared her to return to work, and stated that she could contact Portillo's Benefits Manager with any questions.

Heatherly never contacted Portillo's. Instead, she filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission (the "EEOC") on October 19, 2010. After receiving her Right to Sue letter, she filed a Complaint in this Court. In her Complaint, she asserts Portillo's is liable for sex discrimination in violation of 42 U.S.C. § 2000e (Count I), and disability discrimination in violation of 42 U.S.C.A. § 12102 (Count II). Portillo's has moved for summary judgment on both counts.

## II.  DISCUSSION

### A.  Portillo's Motion to Strike

Before turning to the merits of the summary judgment motion, the Court addresses briefly Portillo's Motion to Strike. Plaintiff filed her initial response to Portillo's Motion for Summary Judgment on February 8, 2013.  *See* ECF No. 29.  On February 19, 2013, Portillo's filed its Reply and pointed out a number of deficiencies in Plaintiff's response, including the fact that Heatherly failed to abide by Local Rule 56.1.  Shortly after the Reply was filed, the parties conferred over telephone. At this time, Heatherly asked Portillo's counsel if he would agree to allow her to file a corrected response.  Allegedly, Heatherly represented that the second response would only correct typographical errors in an attempt to abide by Rule 56.1.  Based on these representations, Portillo's agreed to allow her re-file her response and on February 22, 2013, Heatherly filed a "Corrected Response" and a "Corrected Rule 56.1 Statement."  *See* ECF Nos. 34-37.

After reviewing the documents and discovering that Heatherly changed substantial portions of her Response Memorandum, Response to Portillo's 56.1 Statements of Material Fact, and her Statements of Additional Facts, Portillo's filed a Motion to Strike.  In the Motion, Portillo's argues that the Court should strike the corrected response because of Heatherly's

- 4 -

misrepresentations and because the substantive changes in the corrected response have transformed it into a Surreply since Heatherly had the benefit of reviewing Portillo's Reply prior to filing the corrected response.

While the Court agrees that there are a number of changes in the corrected response that are improper and untimely, the Court finds such changes immaterial to the ultimate disposition of Portillo's Motion for Summary Judgment. As such, the Court denies Portillo's Motion to Strike as moot.

### B.   Portillo's Motion for Summary Judgment

Portillo's moves for summary judgment on Heatherly's Title VII sex discrimination claim and her Americans with Disabilities Act Amendments Act ("ADAAA") claims. Portillo's contends Heatherly cannot establish a *prima facie* case for any of the claims. The Court agrees.

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if the evidence would permit a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is material if it could affect the outcome of the case. *Id.* If the moving party satisfies its burden, the non-movant must present facts to show a genuine dispute exists to avoid summary judgment.

*See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). To establish a genuine issue of fact, the non-moving party "must do more than show that there is some metaphysical doubt as the material facts." *Sarver v. Experian Info. Sys.*, 390 F.3d 969, 970 (7th Cir. 2004).

### 1. Count I: Sex Discrimination under Title VII

Title VII prohibits employment discrimination on the basis of sex. 42 U.S.C. § 2000(e)-2(a). Heatherly's sex discrimination claim is governed by the Pregnancy Discrimination Act, an Amendment to Title VII. 42 U.S.C. § 2000e(k); *see also*, *Cal. Fed. Sav. and Loan Ass'n v. Guerra,* 479 U.S. 272, 286 n.19 (1986) (discrimination on the basis of pregnancy constitutes sex discrimination).

"The Pregnancy Discrimination Act amended Title VII to prohibit employment discrimination because of or on the basis of pregnancy, childbirth, or related medical conditions." *Hitchcock v. Angel Corps*, *Inc.*, No. 12-3515, 2013 WL 2507243 at *3 (7th Cir. June 11, 2013) (citations omitted). There are two ways a plaintiff can prove such a claim: the direct method of proof or the indirect method of proof. *Id.* Under the direct method, a plaintiff must present direct or circumstantial evidence that the employer had a discriminatory motivation. Under the indirect, burden-shifting method, a plaintiff must satisfy the requirements

- 6 -

of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to survive summary judgment. *Id.* Heatherly proceeds under the indirect method.

"The indirect method requires a plaintiff to first establish a prima facie case of discrimination." *Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540, 550 (7th Cir. 2011). For the purposes of Heatherly's pregnancy discrimination claim, she must establish that: (1) she was pregnant and her employer knew she was pregnant; (2) she was performing her job duties satisfactorily; (3) she was terminated; and (4) similarly situated, non-pregnant employees were treated more favorably. *Id.* After a plaintiff sets forth a *prima facie* case of discrimination, the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for termination. *Id.* Assuming such a reason is advanced, a plaintiff can survive summary judgment only if she shows that the employer's provided reason is a mere pretext for intentional discrimination. *Id.* citing *Griffin v. Sisters of Saint Francis, Inc.*, 489 F.3d 838, 843 (7th Cir. 2007).

The first element of Heatherly's *prima facie* discrimination case is not in dispute. Heatherly was pregnant and Portillo's acknowledges that it was aware of her condition. *See* Def.'s Mem.

- 7 -

in Supp. of Summ. J. at 23. The remaining elements, however, must be established for Heatherly to survive summary judgment.

First, Heatherly must establish that she was performing her job duties satisfactorily. Heatherly contends she can do so because her job performance prior to taking leave was satisfactory. While Portillo's agrees about the quality of Heatherly's job performance prior to her taking leave, it claims this is evidence irrelevant because such evidence relates to Heatherly's past job performance and not her performance "at the time of her termination." *Gates v. Caterpillar*, Inc., 513 F.3d 680, 689 (7th Cir. 2008). The Court agrees.

Heatherly was terminated on June 8, 2010. It is undisputed that on May 13, 2010 Portillo's sent her a letter informing her that she needed to return to work by June 3, 2010. Despite this notification, Heatherly failed to report to work or contact anyone from Portillo's. This inaction is a violation of Portillo's attendance policy. *See* ECF No. 24-1, Page ID# 122 (requiring an employee to notify a manager at least four hours in advance of their scheduled start time if they are unable to work when scheduled). Based on the above, Heatherly cannot establish that at the time of her termination she was meeting Portillo's job expectations. *See Martino v. California Fed. Bank*, No. 00-C-370, 2001 WL 1465140 at *4 (N.D. Ill. Nov. 1, 2001) (finding that a plaintiff could not establish satisfactory work performance at

the time of termination because she failed to return to work after her leave expired).

The Court rejects Heatherly's claims that she was unaware she had to return to work by June 3, 2010. The Court finds her admission that she received the letter Portillo's on May 13, 2010, that stated she "need[ed] to return to work by June 3, 2010 . . ." fatal to her claims regarding lack of knowledge. Def.'s Rule 56.1 Statement of Undisputed Facts; Ex. B, ECF No. 24-3, Page ID# 302; *see also,* Pl.'s Corrected Resp. to Def.'s Statement of Fact at 18. Accordingly, Heatherly cannot establish a *prima facie* case of sex discrimination and Portillo's is entitled to summary judgment on Heatherly's gender discrimination claim.

### 2. Count II: Disability Discrimination and Failure to Accommodate

There are two types of claims a plaintiff can assert under the ADAAA. *See* 42 U.S.C. § 12112 (discrimination on the basis of disability); 42 U.S.C. § 12112(b)(5) (failure to accommodate). Heatherly purports to assert both a disability discrimination claim and a failure to accommodate claim in Count II.

#### a. Disability Discrimination

Heatherly claims Portillo's discriminated against her on the basis of her disability when it terminated her employment. Similar to Title VII, a plaintiff alleging disability

discrimination can prove their case under either the direct or indirect method. *See Dickerson v. Bd. of Trustees of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011). Under the direct method, plaintiffs must present either direct or circumstantial evidence of discrimination to meet their burden. *Buie v. Quad/Graphics, Inc.,* 366 F.3d 496, 503 (7th Cir. 2004). Under the indirect method, a plaintiff must first establish a *prima facie* case of discrimination and show that: (1) she is disabled under the ADAAA; (2) she is qualified to perform the essential functions of the job, either with or without reasonable accommodations; and (3) she suffered an adverse employment action. *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838-39 (7th Cir. 2012). After the plaintiff establishes a *prima facie* case, the burden shifts back to the employer to provide a non-discriminatory reason for the employment action. If the employer does so, the burden shifts back to the plaintiff to establish that the employer's articulated reason is a pretext for intentional discrimination. *Nawrot v. CPC Int'l,* 277 F.3d 896, 905 (7th Cir. 2002)

At the outset, the Court notes Heatherly's allegations surrounding her disability discrimination claim are sparse at best. She devotes much of her response to arguing that Portillo's failed to provide her reasonable accommodations under the ADAAA. However, because she states "Portillo's

- 10 -

justifications were pretextual," the Court assumes she seeks to proceed under the indirect method with respect to her disability discrimination claim.  Def.'s Corrected Resp. at 12.

Portillo's argues Heatherly cannot establish a *prima facie* case because her condition does not qualify as a disability under the ADAAA and because she did not suffer an adverse employment action since she was eligible to be rehired.  Heatherly claims her high risk pregnancy renders her disabled and claims Portillo's terminated because of this disability.

Even if the Court were to assume that Heatherly can establish a *prima facie* case (which is a stretch), the only attempt Heatherly makes to rebut Portillo's proffered reason for termination is her assertion that Portillo's "justifications were pretextual."  Pl.'s Corrected Mem. of Law of Opp. to Def.'s Mot. for Summ. J. at 12.  Without more, this assertion is insufficient for the Court to conclude that a triable issue exists with respect to pretext.  *See Garr v. Union Pac. R.R.*, 10 C 5407, 2013 WL 68699 at *10 (N.D. Ill. Jan. 4, 2013) ("in the absence of direct evidence, a plaintiff may show pretext by presenting evidence tending to prove that the employer's proffered reasons are factually baseless, were not the actual motivation for the discharge in question, or were insufficient to motivate the [adverse employment action].") (citations omitted).  As further support, the Court has already pointed out that Heatherly admits

Portillo's sent her a letter on May 13, 2010 stating that she needed to return to work by June 3, 2010. Pl.'s Corrected Response to Def.'s Rule 56.1 Statements ¶ 62. She also admits she failed to report to work on June 3, 2010 and failed to ever contact Portillo's. *Id.* ¶ 63. This was a violation of Portillo's attendance policy and Portillo's proffered reason for terminating Heatherly's employment. Heatherly has not presented any evidence to suggest that this reason was pretextual or a guise for intentional discrimination. Accordingly, the Court grants Portillo's summary judgment on Heatherly's disability discrimination claim.

### b. *Failure to Accommodate*

Heatherly also claims Portillo's violated the ADAAA by failing to provide her reasonable accommodations. To establish a failure to accommodate claim under the ADAAA, a plaintiff must show that: "(1) she is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to reasonably accommodate the disability." *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1176 (7th Cir. 2013).

### i. *Qualified Disabilities Under the ADAAA*

Heatherly's claimed disability is her high-risk pregnancy and/or the complications she suffered related to her pregnancy. She argues that this condition rendered her disabled under the ADAAA. Specifically, she argues that the recent amendments to

- 12 -

the ADAAA support this conclusion because the Americans with Disabilities Act Amendments Act of 2008 (the "ADAAA") relaxed the duration and severity requirements for qualified disabilities.

To establish that a plaintiff is "disabled" under the ADAAA, the plaintiff must either: "(a) have a physical or mental impairment that substantially limits one or more major life activities . . .; (b) have a record of such an impairment; or (c) be regarded as having such an impairment. *Travis v. Cook-DuPage Transp.*, No. 11-C-6080, 2012 WL 1284022 at *7 (N.D. Ill. Apr. 16, 2012) citing 42 U.S.C. § 12102(1)(A)-(C). Determining whether an individual has a qualifying disability under the ADAAA is an individualized inquiry. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483 (1999).

Heatherly claims she suffered a physical impairment that rendered her disabled because she was placed on light duty restrictions due to her high risk pregnancy. She claims her inability to work in excess of 6-8 hours and her inability to lift heavy objects constitute limitations on major life activities under the ADAAA.

Portillo's contends these restrictions do not "substantially limit" Heatherly's "major life activities" because these restrictions were only temporary. 42 U.S.C. § 12102(1)(A)-(C). However, as Heatherly points out, the regulations of the ADAAA provide that "[t]he effects of an impairment lasting or expected

- 13 -

to last fewer than six months can be substantially limiting within the meaning of this section." 29 C.F.R. § 1630.2(j)(ix) (2011). In light of this, the Court declines to accept Portillo's argument that the short duration of Heatherly's limitations prevents her from being considered disabled under the ADAAA.

Additionally, while Portillo's claims that Heatherly's restrictions did not impact "major life activities," the ADAAA defines "lifting" as a major life activity. *See* 42 U.S.C. § 12102(1), (2). Heatherly's nurse testified that the January 19, 2010 medical note that stated Heatherly should only engage in "light duty" meant that Heatherly should refrain from "heavy lifting." Def.'s 56.1 Statement, Ex. E at 19, ECF No. 24-6, Page ID# 344. Because of this, the Court finds Heatherly has presented sufficient evidence to create a triable issue of fact as to whether her high risk pregnancy rendered her disabled under the ADAAA.

## ii. *Employer's Knowledge of Disability*

The second element a plaintiff must establish to set forth a failure to accommodate claim is that the employer was aware of the plaintiff's disability. *Kotwica v. Rose Packing Co., Inc.*, 637 F.3d 744, 747-48 (7th Cir. 2011). The Seventh Circuit has held that it is the responsibility of the employee to inform her

employer of the disability at issue. *See generally, Beck v. Univ. of Wis. Bd. of Regents,* 75 F.3d 1130, 1134 (7th Cir. 1996).

Portillo's does not dispute that Heatherly presented a doctor's note dated January 19, 2010, which stated "[f]or light duty. Not to work more than 8 hour shifts." Def.'s Mem. In Supp. of Summ. J. at 14-15; *see also* ECF No. 37-5, Page ID# 885. However, Portillo's avers that Heatherly never presented a medical note which stated that she should refrain from working outside. In fact, Heatherly admits that she never "gave Portillo's any documentation that specifically said . . . [she] couldn't work outside . . ." Pl.'s Rule 56.1 Statements, Ex. B, Heatherly Dep. at 76; ECF No. 24-2, Page ID# 223. Given these facts, the Court finds Heatherly has established that Portillo's was only aware that Heatherly was required to engage in light duties and was to refrain from working longer than 8 hour shifts.

### *iii. Failure to Accommodate*

The final prong Heatherly must establish to sustain a claim is that Portillo's failed to reasonably accommodate her disability. *Kotwica,* 637 F.3d at 747–48. With respect to this prong, the Seventh Circuit instructs that the parties must "engage in an interactive process to determine a reasonable accommodation." *EEOC v. Sears, Roebuck & Co.,* 417 F.3d 789, 797 (7th Cir. 2005). Indeed, recent case law provides that the

interactive process should consist of a give and take between the employer and the employee. For example:

> [a]n employer can take no solace in its failure to engage in this process in good faith if what results is an unreasonable or inappropriate accommodation offer. And an employee who fails to uphold her end of the bargain-for example, by not clarifying the extent of her medical restrictions-cannot impose liability on the employer for its failure to provide a reasonable accommodation.

*Hoppe v. Lewis University*, 692 F.3d 833, 840 (7th Cir. 2012) (citations and quotation marks omitted).

Heatherly claims she attempted to engage in an interactive process with Portillo's on January 19, 2010 when she presented Portillo's with her medical note. While she argues she can establish a failure to accommodate because Portillo's caused a break down in the interactive process, this argument flies in the face of her admission that she never worked more than 4.72 consecutive hours without a break, and never worked more than 7.52 total hours in a single day after January 1, 2010 through February 15, 2010 (her last day of work). Pl.'s Corrected Resp. to Def.'s 56.1 Statements of Fact at ¶ 24.

Notwithstanding this admission, Heatherly contends Portillo's failed to accommodate her by forcing her to work outside periodically. She seems to argue that working outside violated her doctor's orders of "light duty." However, Heatherly

admits that she never provided Portillo's any documentation that stated she could not work outside. Pl.'s Rule 56.1 Statements, Ex. B, Heatherly Dep. at 76; ECF No. 24-2, Page ID# 223. Instead, she testified that she informed her superiors that she did not *want* to work outside, and despite these requests she was forced to do so periodically. It is well established that an employer only has to provide "a reasonable accommodation, not the accommodation [the employee] would prefer." *Hoppe*, 692 F.3d at 840; *see also*, *Torres v. Bremen Castings, Inc.*, 3:11-CV-035, 2012 WL 4498876 at *9 (N.D. Ind. Sept. 28, 2012). As added support, the record is replete with evidence that suggests Heatherly's condition did not affect her ability to work outside. Her treating physician testified that there was nothing about her condition that would have prevented her being outside. Def.'s 56.1 Statement, Ex. F, Senica Dep. at 26, ECF No. 24-7, Page ID# 366. Her nurse testified that she never told Heatherly she could not be outside and she did not "see why . . . [it] would be an issue" for Heatherly to "occasionally deliver food to cars." *Id.* Ex. E, O'Brien Dep. at 31-32, ECF No. 24-6, Page ID# 352-353. In light of this, the Court cannot conclude that Portillo's failed to accommodate Heatherly.

Finally, the Court rejects the arguments that Portillo's is liable because it never asked Heatherly for a medical note stating that she should refrain from working outside. It is the

responsibility of the employee to make an employer aware of the work limitations surrounding a disability. *See Torres v. Bremen Castings, Inc.,* 3:11-CV-035, 2012 WL 4498876 at *8 (N.D. Ind. Sept. 28, 2012) (stating that the Seventh Circuit requires plaintiffs to inform employers of the disability at issue in a failure to accommodate claim); *see also, Hoppe*, 692 F.3d at 840 (upholding summary judgment for a defendant employer because the employee failed to present a medical note with sufficient details about what steps were necessary to reasonably accommodate an employee's disability). Accordingly, the Court finds that Heatherly cannot establish that Portillo's failed to provide reasonable accommodations under the ADAAA and grants summary judgment to Portillo's with respect to Count II.

### IV.  CONCLUSION

For the reasons stated herein, the Defendant's Motion to Strike [ECF No. 38] is denied, and the Defendant's Motion for Summary Judgment [ECF No. 22] is granted.

**IT IS SO ORDERED.**

_____
      Harry D. Leinenweber, Judge
      United States District Court

Date: July 19, 2013