IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CYNTHIA HEATHERLY,** | |
| Plaintiff, | Case No. 11 C 8480 |
| v. | Hon. Harry D. Leinenweber |
| **PORTILLO'S HOT DOGS, INC.,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Bill of Costs. For the reasons stated herein, Defendant is granted $6,459.38 in costs.

### I. BACKGROUND

The Court presumes familiarity with its July 19, 2013 Opinion and provides here only a brief summary of the relevant history of this case. Plaintiff was employed by Defendant as a guest services employee and "outside runner" at one of Defendant's restaurants. On February 16, 2010, when Plaintiff was approximately six months' pregnant, Plaintiff's doctor advised her to take leave from work because of complications related to her pregnancy. Plaintiff notified Defendant and went on FMLA leave through her child's birth.

On May 11, 2010 (the day after her child was born), Plaintiff called Defendant and was informed that her twelve weeks of FMLA time had expired, but that she could have three additional weeks of personal leave pursuant to Defendant's policy. Allegedly, Defendant informed Plaintiff that her personal time would expire on June 3,

2010 and she needed to return to work on that date. Two days after the telephone call, Defendant sent Plaintiff a letter summarizing the conversation and reiterating that Plaintiff had to return to work by June 3, 2010.

June 3 came and went without Plaintiff reporting to work or otherwise contacting Defendant. As a result, on June 8, 2010, Defendant sent Plaintiff a letter terminating her employment. The letter stated that Plaintiff could be rehired after her doctor cleared her to return to work, and stated that she could contact Defendant's Benefits Manager with any questions. Plaintiff never contacted Defendant. Instead, she filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, and later filed this lawsuit. The Court granted Defendant's Motion for Summary Judgment on July 19, 2013. *See,* ECF No. 43.

Defendant filed this Bill of Costs and asks for $6,459.38. Plaintiff objects that, for some of the costs, it is unclear whether the expense was necessary for the litigation. Plaintiff also asks this Court to, in its discretion, decline to tax costs to her because she has limited means to pay and, in her words, made a good faith effort to resolve disagreements with Defendant.

## II. <u>ANALYSIS</u>

Federal Rule of Civil Procedure 54 provides that a prevailing party should be able to recover its costs, other than attorneys' fees, from the other party. FED. R. CIV. P. 54(d)(1). The Court "must

- 2 -

determine that the expenses are allowable cost items and that the costs are reasonable, both in amount and necessity to the litigation." *Weihaupt v. Am. Med. Ass'n,* 874 F.2d 419, 430 (7th Cir. 1989). This rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006).

Plaintiff objects to Defendant's bill for copying services, court reporting services, and messenger fees on the ground that portions of the invoices have been redacted. Defendant's counsel submitted an affidavit that describes the documents copied, date of copying, number of pages, and number of copies made. All of the items listed in the affidavit appear necessary for the litigation, and Plaintiff does not argue otherwise; she quibbles with the redactions. Those redactions likely were necessary to protect privileged information and do not give the Court reason to think that the expenses were unnecessary for the litigation.

Plaintiff argues that she should not be required to reimburse Defendant for costs associated with three depositions – one each for Plaintiff's husband, treating physician, and supervisor – because they were either purely investigative or taken for convenience. Plaintiff's husband testified to Plaintiff's damages, including her level of activity at home. Dr. Senica, Plaintiff's physician, testified to Plaintiff's medically necessary work restrictions, a critical part of the case. Irma Avila, Plaintiff's supervisor, testified that she remembered sending Plaintiff to work outside after

she stated that she did not want to work outside. It is unclear why any of these would be unnecessary for the litigation, and indeed Plaintiff does not give even a single reason in support of her claim. Two of those depositions required Spanish interpretation; Plaintiff's objection to the fees for Spanish interpretation is baseless. Costs for these depositions are fully recoverable.

Plaintiff disputes her obligation to pay for costs associated with production of medical records. This case revolved around Plaintiff's alleged physical restrictions. Defendant needed these medical records so that it could understand Plaintiff's medical history and depose key witnesses effectively. These costs are recoverable.

Finally, Plaintiff implores this Court to consider her indigence and good faith, exercise its discretion, and deny costs to Defendant. The Court may consider indigence when denying costs. *Rivera,* 469 F.3d at 634. First, the Court must "make a threshold factual finding that the losing party is incapable of paying court-imposed costs at this time and in the future." *Id.* at 635. Second, the Court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Plaintiff states in her affidavit that she is unable to pay costs because she is unemployed and her only source of income is through her husband, who earns approximately $1,386.00 per month. For several reasons, the Court is not convinced that Plaintiff is

incapable of paying costs at this time and in the future.  Plaintiff has given this Court no reason to think that she cannot work or cannot find employment; she states only that she is currently unemployed.  Plaintiff's vague reference to "medical conditions," unaccompanied by any claim that the conditions prevent her from working, is no basis to deny costs.  In fact, Plaintiff rejected multiple offers from Defendant to return to work.  Plaintiff's husband testified that Plaintiff spends her time at home playing video games.

    Furthermore, even with her current means, Plaintiff could make room to pay a small amount every month and satisfy this debt.  Her monthly budget leaves more than $200 unaccounted for.  She could cut back on her monthly $108 laundry expense and $125 gas expense (particularly if she is not driving to work).  She could also find room by scaling back the $57.50 allocated for cable and the $87.50 for cell phones.  Plaintiff should be able to pay Defendant a small amount every month, and then more per month once she finds employment.

    This Court is at a loss as to why, when invited to do so, Plaintiff never contacted Defendant to get her job back.  Over a year later, Defendant again offered Plaintiff a job, but she chose not to take it.  Instead of acting in good faith to resolve this dispute short of litigation, Plaintiff fought for a court-ordered award, even after Defendant's counsel explained to Plaintiff the weaknesses of her case and informed Plaintiff that it would seek costs if it

prevailed. Of course, Plaintiff enjoys the broadly-shared right to use the court system to seek to vindicate her rights. But Plaintiff must now face the consequences of her choice, one of which is paying court costs, pursuant to Federal Rule of Civil Procedure 54, even if that means that she must scale back her monthly expenses or seek employment.

### III. CONCLUSION

For the reasons stated herein, Defendant is entitled to a total award of $6,459.38. The Clerk of the Court is directed to tax costs in the amount of $6,459.38 in favor of the Defendant and against the Plaintiff.

**IT IS SO ORDERED.**

                                              _____
                                              Harry D. Leinenweber, Judge
                                              United States District Court

Date: 11/7/2013